**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN THOMAS TRAVERS, | ) | No: 13-115 |
| | ) | |
| Plaintiff, | ) | |
| | ) | US Magistrate Judge Robert C. Mitchell |
| v. | ) | |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | **ELECTRONICALLY FILED** |
| | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES

### ANSWER TO JURISDICTION

1.       The averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

2.       The averments contained within this Paragraph are denied.

### ANSWER TO PARTIES

3.       The averments contained within this Paragraph are admitted in part and denied in part.  It is admitted that Plaintiff is a natural person; however, Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining averments; therefore, the same are denied.

4.        The averments contained within this Paragraph are admitted.

**ANSWER TO VENUE**

5.      Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same are denied.

6.      The averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

**ANSWER TO GENERAL ALLEGATIONS**

7.      Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same are denied.

8.      The averments contained within this Paragraph are denied.

9.      The averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

**ANSWER TO COUNT I**

10.     Defendant hereby incorporates by reference its Answers to Paragraphs 1 through 9 above as though fully set forth herein at length.

11.     Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same are denied. Furthermore, the averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

12.     The averments contained within this Paragraph are directed to another party; therefore, no response is required of this Defendant; however, to the extent a response is deemed necessary, said averments are denied.

13.    The averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

14.    The averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

15.    The averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

16.    The averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

17.    The averments contained within this Paragraph are denied.

18.    Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same are denied. Furthermore, the averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

19.    The averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

20.     The averments contained within this Paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff failed to plead a claim against Midland Credit Management, Inc. upon which relief may be granted.

### Second Affirmative Defense

Upon receipt of disputes from the credit bureaus, Midland Credit Management, Inc. performs an investigation regarding the disputed information as a matter of law and fact, based upon the requirements imposed on a furnisher of credit information regarding conducting reasonable investigations concerning Plaintiff's disputes.   *See* 15 U.S.C. §1681 S-2(b). Therefore, Plaintiff cannot sustain an FCRA claim against Midland Credit Management, Inc. as a matter of fact and law.   Even if Midland Credit Management, Inc. violated the FCRA, which is denied, Plaintiff did not incur any actual damages as a result of the alleged conduct of Midland Credit Management, Inc.

### Third Affirmative Defense

Even if Midland Credit Management, Inc. violated the FCRA, which is denied, such violation was not the result of any willful non-compliance with the FCRA.   As Plaintiff did not incur any actual damages as a result of the alleged conduct of Midland Credit Management, Inc., Plaintiff is not entitled to recover any sums under the FCRA.

### Fourth Affirmative Defense

Any violation of the law or damage suffered by Plaintiff, which Midland Credit Management, Inc. denies, was due to the affirmative actions and/or omissions of the Plaintiff or others and does not give rise to liability of Midland Credit Management, Inc.

### Fifth Affirmative Defense

MCM has no record of Plaintiff or requesting his credit report.

### Sixth Affirmative Defense

Plaintiff's claims against Midland Credit Management, Inc. are barred by qualified immunity as set forth in 15 U.S.C §1681h(e) and/or 1681t of the FCRA.

### Seventh Affirmative Defense

If Midland Credit Management, Inc. violated the FDCPA which is denied, Plaintiff has incurred no actual damages as a result of the purported violation by NRA.

### Eighth Affirmative Defense

In the event Plaintiff is able to adequately plead a violation of the FDCPA, Plaintiff's collective entitlement to statutory damages is capped at $1,000 per action not per violation. *See Goodmann v. People's Bank, et. al.*, 2006 U.S. App LEXIS 31555 (3d Cir. Dec. 21, 2006); *Brown v. Law Offices of Butterfield*, 2004 U.S. Dist. LEXIS 9822, *16 n8, Civil Action No. 03-CV-05850 (ED Pa., May 24, 2004); *Clark v. Capital Credit*, 460 F.3d 1162 (9th Cir. 2006); *Miller v. Midland Funding*, 2008 WL 4093004 (C.D. Cal. 2008), *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005) *Mann v. Acclaim Fin. Servs.*, 348 F. Supp. 2d 923, 926 (SD. Ohio 2004); and *see Ganske v. Checkrite, Ltd.*, 1997 U.S. Dist. LEXIS 4345, 12-13 (D. Wis. 1997): *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992); *Donahue v. NFS, Inc.*, 781 F. Supp. 188, 191 (W.D.N.Y. 1991); *Wiener v. Bloomfield*, 901 F.

Supp. 771, 778 (S.D.N.Y. 1995); *Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); *Beattie v. D.M. Collections, Inc.*, 764 F. Supp. 925, 928 (D.Del. 1991); *Harvey v. United Adjusters*, 509 F. Supp. 1218, 1222 (D.Or. 1981).

### Ninth Affirmative Defense

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, improperly diminished credit score, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the conduct of MCM.

### Tenth Affirmative Defense

To the extent that Plaintiff's claims are barred by applicable statute of limitations, Midland Credit Management, Inc. does not waive applicable statute of limitations upon any of the claims set forth in the Complaint and claims which could have been set forth in the Complaint.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY:    *s/ Danielle M. Vugrinovich*
DANIELLE M. VUGRINOVICH, ESQUIRE
PA ID #88326
**Attorney for Defendant, Midland Credit
Management, Inc.**
US Steel Tower, Suite 2900
600 Grant Street
Pittsburgh, PA  15219
(412) 803-1140
(412) 803-1188/fax
dmvugrinovich@mdwcg.com

12/1791238.v1